IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:10-CR-108-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| RAPHAEL WALTER ROGERS, | ) | |
| | ) | |
| Defendant. | ) | |

On December 17, 2010, without a plea agreement, Raphael Walter Rogers ("Rogers") pleaded guilty to conspiracy to possess with the intent to distribute more than 100 grams or more of heroin (count one) and possession with intent to distribute 100 grams or more of heroin (count two). See [D.E. 1, 24]. On April 5, 2011, the court held Rogers's sentencing hearing. See [D.E. 29, 30]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Rogers's total offense level to be 29, his criminal history category to be V, and his advisory guideline range to be 140 to 175 months' imprisonment. See Resentencing Report. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Rogers to 168 months' imprisonment on each count to run concurrently. See id.; [D.E. 30]. Rogers did not appeal.

On November 14, 2014, Rogers filed a motion for appointment of counsel [D.E. 49]. On February 16, 2016, Rogers (through counsel) moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 53]. Rogers's new advisory guideline range is 120 to 150 months' imprisonment, based on a total offense level of 27 and a criminal history category of V. See Resentencing Report. Rogers requests a 144-month sentence. See id.; [D.E. 53]. On March 1, 2016, the government responded. See [D.E. 54].

The court has discretion to reduce Rogers's sentence under Amendment 782. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Rogers's sentence, the court finds that Rogers engaged in serious criminal behavior. See PSR [D.E. 32] ¶¶ 5–8. Moreover, Rogers is a serious recidivist and has convictions for possession of a dangerous weapon, unauthorized use of a motor vehicle, criminal possession of a controlled substance (two counts), criminal possession of a weapon, possession of heroin, conspiracy to traffic in cocaine, possession with intent to sell and deliver cocaine, sell and deliver cocaine, and possession of cocaine. See id. ¶¶ 10–33, 37–39. Rogers also has performed poorly on supervision and has a spotty work history. See id. ¶¶ 16, 30, 35, 48–53. Nonetheless, Rogers has taken some positive steps while incarcerated on his federal sentence. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Rogers received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Rogers's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Rogers's motion for reduction of sentence under Amendment 782. See, e.g., Patterson,

2

671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES as moot Rogers's motion for appointment of counsel [D.E. 49] and DENIES Roger's motion for a reduction of sentence [D.E. 53].

SO ORDERED. This 11 day of May 2018.

JAMES C. DEVER III
Chief United States District Judge